JOSEPH POMROY *vs.* JEFFERSON CATES, appellant.

Somerset. Opinion March 15, 1889.

*Costs. Practice. Prevailing party. Appeal.*

When a party wrongfully enters upon the docket of this court what purports to be an action appealed from a lower court, and the adverse party appears

and moves its dismissal, because no appeal had been duly taken, and the motion is sustained and the action dismissed, *Held,* that the party on whose motion the dismissal was obtained, is a "prevailing party," and entitled to costs.

ON EXCEPTIONS. At the *nisi prius,* term of this court, held in March 1888, at Skowhegan, Somerset county, Pomroy found the above entitled action on the docket, and filed a motion "that said action be dismissed, because, he says that the said Joseph Pomroy never had any judgment of any court against the said Jefferson Cates, to be appealed from; that there has been no such appeal taken; and that there has been no suit, between said parties, or appealed from. Wherefore, the said Joseph Pomroy prays that said supposed action be dismissed, and for his costs."

The court sustained the motion to dismiss, but refused costs, and Pomroy excepted.

*J. Wright,* for plaintiff.

Prevailing party recovers costs in all actions, unless otherwise specially provided. R. S., c. 82, § 117. Costs allowed: *Whitney* v. *Brown,* 30 Maine, 557, (after mis-entry); *Reynolds* v. *Plummer,* 19 Id. 22, (action brought in wrong county); *Turner* v. *Putnam,* 31 Id. 557, (irregularly brought up); *Call* v. *Mitchell,* 39 Id. 465, (nullity, for want of jurisdiction); *Brown* v. *Allen,* 54 Id. 436, (dismissed for illegal recognizance); *Ellis* v. *Whittier,* 37 Id. 548, (by statute in force at time of judgment); *Fuller* v. *Miller,* 58 Id. 40, (discontinuance); *Estes* v. *White,* 61 Id. 22, (prevailing party); *Bennett* v. *Green,* 46 Id. 499, (dismissed for want of recognizance); *Hunter* v. *Cole,* 49 Id. 556, (want of copies from appellate court); *Cary* v. *Daniels,* 5 Met. 236; *Turner* v. *Blodgett,* Id. 240; *Jordan* v. *Dennis,* 7 Id. 590; *Hunt* v. *Hanover,* 8 Id. 343, (no jurisdiction); *Fuller* v. *Whipple,* 15 Maine, 53, (judgment reversed, pending suit thereon); *Foster* v. *Buffum,* 20 Id. 124, (costs to indorser, maker having paid, *pendente lite*); *Cole* v. *Sprowl,* 38 Id. 190; *Moore* v. *Lyman,* 13 Gray, 394, (appeal); *State* v. *Harlow,* 26 Id. 75, (state on *scire facias.*)

*Walton and Walton,* for defendant.

This not an action. Names inadvertently placed on docket.

Nothing here, but motion to dismiss, and that is of a supposed action. Plaintiff not entitled to costs, on his own motion. No papers in case except the motion. On what can costs be taxed? Plaintiff cannot be harmed by this entry. No judgment, against him, can be entered up. *Steward* v. *Walker*, 58 Maine, 299.

WALTON, J. When a party wrongfully enters upon the docket of this court what purports to be an action appealed from a lower court, and the adverse party appears and moves its dismissal, assigning as a reason for its dismissal that no appeal had been duly taken, and the motion is sustained and the action dismissed, we think the party making the motion, and obtaining the dismissal, must be regarded as a "prevailing party," and entitled to costs. *Bennett* v. *Green*, 46 Maine, 499; *Moore* v. *Lyman*, 13 Gray, 394; *Wentworth* v. *Wyman*, 80 Maine, 463, and cases cited.

In this case, the defendant, as appellant, caused what purported to be an action between himself and the plaintiff to be entered upon the clerk's docket of this court, and the exceptions state that the plaintiff appeared by his attorney, and on the second day of the term filed a motion that said action be dismissed and for his costs, assigning among other reasons for the dismissal, that there had been no appeal duly taken; and that thereupon the court allowed the motion to dismiss, but denied costs.

The only ground on which the recovery of costs is resisted, is the fact that the plaintiff in his motion to dismiss has not only asserted that no appeal was duly taken, but has also asserted that there was no suit between the parties to be tried or appealed from; and, accepting this statement as true, the defendant insists that the statute gives costs only in an "action;" and that, if it be true, as the plaintiff asserts, that there was no action between the parties, then no costs can be recovered. The fallacy of this argument consists in not distinguishing between the pendency of an action in the court below, and the pendency of an action in this court. It may be true, that there was no action between these parties in the court below, but the record makes it certain that there was an action between the parties in this court, and that a motion was made to dismiss it, because it was wrongfully here, and that it was dismissed. If there was no such action in the

court below, then the error of the defendant in entering the action here, is all the more apparent.

If a person finds an action upon the docket of this court, in which he is named as a party, and he files a motion to have it dismissed, he tenders an issue. If the motion is resisted by the adverse party, then the issue is joined. If the court hears the parties, then there is a trial. If the motion is sustained, and the action dismissed, then there is a judgment, and a final judgment, in the case. Such a proceeding constitutes an action from its commencement to its termination, whether there is any other foundation for the proceeding than the facts stated or not. In the language of the dictionaries, it is the formal demand of a right, made and insisted upon in a court of justice, and prosecuted to final judgment. And we can not doubt that in such a proceeding the prevailing party is entitled to his costs.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.